UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK COOPER TRANSPORT
CANADA, INC. *et al.*,

    Plaintiffs,

v.

TCB IMPORTING, LLC,

    Defendant.

_____/

Case No. 16-cv-13812
Hon. Matthew F. Leitman

**ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT (ECF #20)**

Plaintiffs Jack Cooper Transport Canada, Inc. and Jack Cooper Transport Company, Inc. (collectively, "Jack Cooper") are transportation and logistics companies. In this action, Jack Cooper alleges that Defendant TCB Importing, LLC has failed to pay over $176,000 in unpaid invoices for the services it (Jack Cooper) provided. (*See* Compl., ECF #1; First Am. Compl., ECF #8.) Jack Cooper has now moved for summary judgment on its claims. (*See* ECF #20.) For the reasons that follow, Jack Cooper's motion is **GRANTED**.

**I**

In 2015, TCB hired Jack Cooper to haul and transport certain vehicles across the United States and Canada. When the vehicles were delivered to TCB's chosen location, Jack Cooper provided TCB a "delivery receipt" that identified which

1

vehicles were hauled and where they were delivered. (*See*, *e.g.*, ECF #25-5 at pg. ID 295-318.) The receipts were then signed by both a representative of Jack Cooper and a representative of TCB. (*See id.*) Jack Cooper also provided an invoice to TCB for the amount due and owing for each delivery.

In May 2015, TCB fell behind paying its outstanding invoices to Jack Cooper. As of June 30, 2017, TCB owed Jack Cooper $176,115.94 "over and above all legal counterclaims and set-offs." (Affidavit of Jason Hilderbrand, Jack Cooper's Senior Revenue Manager, at ¶3, ECF #20-4 at Pg. ID 210.) More specifically, TCB owed $92,999.97 to Jack Cooper Transport Company, Inc. related to 51 unpaid invoices and. $83,115.97 to Jack Cooper Transport Canada, Inc. related to 21 unpaid invoices.[1] (*See* ECF #20-4 at Pg. ID 211-15.)

## II

Jack Cooper filed its First Amended Complaint on November 4, 2016. (*See* ECF #8.) In that pleading, it brought the following causes of action against TCB related to the unpaid invoices:

- Open Account (*see id.* at ¶¶ 8-22, Pg. ID 33-35);
- Breach of Contract (*see id.* at ¶¶ 23-28, Pg. ID 35-36);
- Account Stated (*see id.* at ¶¶ 29-33; Pg. ID 36-37);

---

[1] Since Jack Cooper filed this action in 2016, TCB has made 7 payments of $500.00 each towards this outstanding balance. (See ECF #20-4 at Pg. ID 211-15.)

- Unjust Enrichment (*see id.* at ¶¶ 34-41, Pg. ID 37-38); and

- Quantum Meruit (*see id.* at ¶¶ 42-50, Pg. ID 38-39).

Jack Cooper moved for summary judgment on July 12, 2017. (*See* ECF #20.) The Court initially scheduled a hearing on the motion for December 18, 2017, but the Court did not hold the hearing that day. Instead, the Court conducted an off-the-record conference with counsel. The Court has concluded that it may decide the motion without a hearing. *See* E.D. Mich, L.R. 7.1(f)(2).

**III**

Jack Cooper argues that it is entitled to summary judgment under Federal Rule of Civil Procedure 56. A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted).

When a moving party satisfies its "burden of production" to show that "'there is an absence of evidence to support the nonmoving party's case' … the nonmoving party then must go beyond the pleadings and by affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 339 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Indeed, the non-moving party "must present significant probative evidence

3

… to defeat [a supported] motion for summary judgment." *Id.* at 340. When reviewing this record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

## IV

The sole disputed issue before the Court is a narrow one. That is because TCB admits liability and contests only damages. More specifically, TCB "acknowledges" that it has "open accounts" with Jack Cooper, and it admits that "it owes [Jack Cooper] money for services [Jack Cooper] provided." (TCB Resp. Br., ECF #25 at Pg. ID 267, 271.) TCB only "disputes the amount that is owed." (*Id.* at 267.)

In Jack Cooper's summary judgment motion, it has presented admissible evidence that the "amount that is owed" is over $176,000. As described above, Jack Cooper has submitted a sworn affidavit from its Senior Revenue Manager, Jason Hilderbrand, in which Hilderbrand avers under oath that "as of June 30, 2017, the amount due and owing [Jack Cooper] from [TCB] …. over and above all legal counterclaims and set-offs, is $176,115.94 (USD), plus interest, costs and attorney fees." (Hilderbrand Aff. at ¶3, ECF #20-4 at Pg. ID 210.) Hilderbrand attached to his affidavit a list of 72 invoices, identified by both invoice number and date, that Jack Cooper asserts remain unpaid. (*See id.* at Pg. ID 211-15.)

4

TCB counters with only a single piece of evidence: an affidavit from its Site and Operations Manager Theresa McDonald. (*See* McDonald Aff., ECF #25-5.) In this affidavit, McDonald acknowledges that TCB owes Jack Cooper over $111,000 in unpaid invoices. (*See id.* at ¶5, Pg. ID 293.) However, McDonald insists that some of the vehicles listed on the "delivery receipts" were "never received by, or in the custody of TCB," and that TCB therefore does not owe the entirety of the $176,115.94 claimed by Jack Cooper. (*Id.* at ¶3, Pg. ID 293.)

TCB may not rely on McDonald's affidavit in opposing Jack Cooper's motion for summary judgment because at least twice during the litigation, TCB failed to comply with its duty to disclose McDonald as a relevant witness. The Court therefore refuses to consider McDonald's affidavit.

First, TCB failed to identify McDonald in its disclosures under Federal Rule of Civil Procedure 26(a). That Rule provides that within 14 days of a Rule 26(f) pre-discovery conference, a party must identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.Proc. 26(a)(1)(A)(i). Where a party fails to identify a witness in its Rule 26(a) initial disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

5

substantially justified or is harmless." Fed.R.Civ.Proc. 37(c)(1). *See also Smith v. Botsford General Hosp.*, 419 F.3d 513, 516-17 ("Rule 37 authorizes—indeed, directs—exclusion of the witness as a sanction for a Rule 26 violation").

TCB's failure to identify McDonald as a witness in its Rule 26(a) initial disclosures was not "substantially justified." TCB was well aware of McDonald when it filed its Rule 26 initial disclosures because she is one of TCB's own employees. And she is not just any employee. McDonald averred in her affidavit that she was "*the person* who ha[d] knowledge of *all* the vehicles that were delivered to TCB across the boarder [sic] by Jack Cooper Transport Canada, Inc., as well as *all* the vehicles that were picked by Jack Cooper Transport Company, Inc." (McDonald Aff. at ¶2, ECF #25-5 at Pg. ID 292; emphasis added.) Given her extensive knowledge about TCB's relationship with Jack Cooper, TCB's failure to disclose her identity was not "substantially justified."

Nor has TCB shown that its failure to identify McDonald in its initial disclosures was harmless. Because TCB did not identify McDonald, Jack Cooper was deprived of the opportunity to depose her, to issue discovery requests directed towards her, and to otherwise test the veracity of her claimed knowledge. Under these circumstances, exclusion of McDonald's affidavit is warranted. *See Pullins v. NWS Michigan, Inc.*, 2008 WL 11355516, at *4 (E.D. Mich. July 2, 2008) (refusing to consider affidavits on summary judgment from witnesses not disclosed in Rule

6

26(a) initial disclosures); *Sears, Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming district court's order striking affidavit of witness who was not disclosed as required by Rule 26(a)); *Caudell v. City of Loveland,* 2006 WL 971051, at ** 2-3 (S.D. Ohio Apr. 10, 2006) (striking affidavit of witness not timely disclosed).

Second, TCB failed to identify McDonald in response to an interrogatory from Jack Cooper in which Jack Cooper asked TCB to identify all of its employees, agents, and contractors. (*See* ECF #16-3 at Pg. ID 95.) That failure is an additional (and independent) basis on which TCB must be precluded from relying on McDonald at this point. *See Pullins*, 2008 WL 11355516, at *4 (E.D. Mich. July 2, 2008) (refusing to consider affidavits on summary judgment from witnesses not disclosed in response to discovery requests); *Perez v. Howes*, 7 F.Supp.3d 715, 722 (W.D. Mich. 2014) (holding that in responding to a summary judgment motion, defendant could not rely on affidavits of witnesses not disclosed in either Rule 26(a) initial disclosures or in response to plaintiff's interrogatories).

Without McDonald's affidavit, TCB has not presented any admissible or competent evidence that in any way disputes Hilderbrand's affidavit and his averment that TCB owes over $176,000 in unpaid invoices.[2]  Accordingly, there is

---

[2] In response to Jack Cooper's summary judgment motion, TCB argues that in the affidavit Hilderbrand attached to Jack Cooper's Complaint, dated October 24, 2016, Hilderbrand used the wrong exchange rate when he converted the amount owing on

no genuine issue of material fact for trial, and TCB is entitled to judgment as a matter of law.

V

For the reasons stated above, **IT IS HEREBY ORDERED** that Jack Cooper's motion for summary judgment (ECF #20) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2018

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

certain invoices from Jack Cooper Transport Canada, Inc. from Canadian Dollars to United States Dollars. (*See* Jack Cooper Resp. Br., ECF #25 at Pg. ID 270-71.) The Court has not considered that initial affidavit when ruling on Jack Cooper's motion. Instead, the Court has considered only Hilderbrand's revised affidavit, dated July 7, 2017. (*See* ECF #20-4 at Pg. ID 209-10.) And TCB has not argued that Hilderbrand used an incorrect exchange rate on that updated affidavit.